FALL 1809,
First District.

BROWN
*vs.*
FORT & GIRAUD.

and might have taken measures for his security. But it is in evidence that on the 15th of October, on the very day of the arrival of the ship which reached the city first, an attachment was issued at the instance of the defendant, and the property of the drawer levied upon, so that it appears he had as early information as could possibly have been given, and took measures accordingly.

The protest for non-payment to which all courts give credit, proves that the bill was duly protested for non-acceptance. The plaintiff perhaps did not use the legal term in his notice, but he informed the defendant that the bill was dishonored, which is sufficient.

*BROWN* vs. *FORT & GIRAUD.*

The consideration of a note enquired into.

ACTION upon a note of hand. The ship Clara, owned by Foster & Giraud of New-York, being libelled in the district court of the United States, in New-Orleans, under the act of Congress, prohibiting the importation of slaves, 8 *Laws U. S.* 262, the defendants were desired by the owners to act for them, and consequently, the ship being afterwards condemned and sold, they bought her in, and gave their note for the

price to the plaintiff, the collector for the port of New-Orleans, with an endorser—This paper was payable on a future day and deposited with the clerk of the District Court. The forfeiture being remitted by law, the defendants refused payment.

*Alexander*, for the defendants, praying leave to prove these facts, was opposed by

*Grymes* for the plaintiff. The defendants cannot be allowed to introduce proof, oral or written, to show the want of a consideration paid by the plaintiff, *Kidd* 34, 35, an indorsed note is like a bill of exchange, the acceptor of which is liable, although he knows that no consideration was given, *Ibid.* 83, 85. *Ex nudo pacto, non oritur actio ;* but any degree of reciprocity takes a case out of this rule: the execution of the note is that degree of reciprocity. No proof is admissible of what passed between other persons than the parties to the suit. The defendants gave the note, they are not parties to the remission, and it cannot avail them. Fort & Giraud alone can claim the benefit of it. *Pillans & Rose* vs. *Van Mierop & Hopkins*, 3 *Burr.* 1663.

*Brown*, for the defendants. An inquiry into the consideration of a note, when the plaintiff is an endorsee, is denied only when he came fairly by it and without notice. *Kidd*, 34. It is allowed when the endorsement is posterior to the

St. Marc
*vs.*
La Chapella &
Harrison.

day of payment. 3 *Term R.* 82, 83. 4 *Dallas* 371. An assignee of a negociable paper takes it subject to all the equity to which the assignor is subject, whenever he has notice actual or constructive.

*By the Court,* Lewis, J. *alone.* The evidence is proper. The note was endorsed merely for the purpose of securing the payment of it. The plaintiff may be considered as the original payee, for he received the note from the makers.

The defendants having introduced witnesses, and the facts being proved, the plaintiff voluntarily suffered a                    Non Suit.